ALICE A. STOMBER, Plaintiff-Appellee,
v.
STEPHEN J. STOMBER, Defendant-Appellant.
No. 29064
Intermediate Court of Appeals of Hawaii.
August 27, 2009.
On the briefs:
Robert M. Harris, for Defendant-Appellant.
Sherman S. Hee, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY and LEONARD, JJ.
Defendant-Appellant Stephen J. Stomber (Stephen) appeals from
(1) the "Order Granting[/]Denying In Part Motion and Affidavit for Post-Decree Relief Filed Jan. 28, 2005" filed on March 29, 2005 (3/29/05 Post-Decree Order);
(2) the "Amended Order/Notice to Withhold Income for Child Support" (Amended Withholding Order) filed on March 29, 2005;
(3) the "Order Granting Plaintiff's Motion for Attorney's Fees and Costs" (Fees & Costs Order) filed on April 20, 2005;
(4) the "Order Denying Defendant's Motion for New Trial, Further Hearing, and/or Reconsideration filed on April 7, 2005" (Reconsideration Order) filed on April 27, 2005; and
(5) the "Order Re: Motion & Affidavit for Post Decree Relief" filed on February 20, 2008 (2/20/08 Post-Decree Order).
The above orders were all filed in the Family Court of the First Circuit (family court) and are collectively referred to as Post-Decree Orders.[1]
On appeal, Stephen contends:
(1) The family court erred by denying him his right to due process at the March 9, 2005 hearing by refusing to allow him to appear by telephone and by adjudicating issues (a) not raised in his January 28, 2005 Motion and Affidavit for Post-Decree Relief (1/28/05 Post-Decree Motion) and (b) only discussed in the February 25, 2005 Memorandum in Opposition (Opp Memo) filed by Plaintiff-Appellee Alice A. Stomber (Alice) to that motion.
(2) The family court erred in finding and concluding that Stephen's child support arrearage totaled $24,632,16. Stephen argues that Finding of Fact (FOF) 6 in both the June 27, 2005 Findings of Fact and Conclusions of Law (6/27/05 FOF/COL) and the May 6, 2008 Findings of Fact and Conclusions of Law (5/6/08 FOF/COL)[2] was erroneous and Conclusion of Law (COL) 7 in the 6/27/05 FOF/COL and 5/6/08 FOF/COL was wrong because the issue was raised by Alice only in her Opp Memo and no evidence on this issue was offered or received at the March 9, 2005 hearing. Stephen alleges that his due process rights were violated when the family court adjudicated the arrearage issue because the issue was not properly before the court.
(3) The family court erred by giving Alice a "credit" of $190 per month for healthcare insurance expenses for the parties' children, thereby increasing the amount of monthly child support paid by Stephen, without amending the Divorce Decree to shift the obligation to provide the coverage from Stephen to Alice. Stephen argues that FOF 7 in both the 6/27/05 FOF/COL and the 5/6/08 FOF/COL was erroneous and COL 8 in the 6/27/05 FOF/COL and 5/6/08 FOF/COL was wrong because the issue was raised by Alice only in her Opp Memo and no evidence on this issue was offered or received at the March 9, 2005 hearing. Stephen alleges that his due process rights were violated when the family court adjudicated the issue because the issue was not properly before the court.
(4) The family court erred in ordering Stephen to continue to pay child support for his oldest child (Child), who was not shown to be a full-time student. Stephen argues that FOF 5 in both the 6/27/05 FOF/COL and the 5/6/08 FOF/COL was erroneous and COL 6 in the 6/27/05 FOF/COL and COL 5 in the 5/6/08 FOF/COL was wrong because no evidence was offered or received at the March 9, 2005 hearing as to the educational status of Child. He further argues that the COLs modified the divorce degree so that Child need not be enrolled full-time in school to be eligible for continued child support after age 18. Stephen alleges that his due process rights were violated when the family court adjudicated the matter of the amendment of terms and conditions for termination of child support for Child because the issue was not properly before the court.
(5) The family court erred in awarding Alice 50% of the attorney's fees she incurred in defending against Stephen's January 8, 2005 Post-Decree Motion (Post-Decree Motion). Stephen argues that FOF 8 in both the 6/27/05 FOF/COL and the 5/6/08 FOF/CQL was erroneous and COL 9 in the 6/27/05 FOF/COL and the 5/6/08 FOF/COL was wrong because no evidence was offered or received at the March 9, 2005 hearing that the Post-Decree Motion was Stephen's sixth motion; the finding and conclusion were factually incorrect; the award of fees and costs was not appropriate if it was intended as a sanction for the filing of previous post-decree motions; and pursuant to the criteria set forth in Hawaii Revised Statutes (HRS) §§ 580-47 (f) (2006 Repl.) and 571-52.7 (2006 Repl.), there was no basis for an attorney's fee award against Stephen and in favor of Alice. Stephen alleges that his due process rights were violated when the family court adjudicated the matter of Alice's attorney's fees and costs because the issue was not properly before the court.
(6) The family court's COL 2 in the 6/27/05 FOF/COL was wrong because the court ordered the child support modification to take effect on March 1, 2005 rather than on January 28, 2005, when Stephen filed his Post-Decree Motion, without any stated or apparent reason for the delay.
(7) The family court erred in ruling that Stephen's request to enforce his visitation rights with his minor children was moot because the children were old enough to decide for themselves whether they wanted to visit with him. Stephen argues that FOF 3 in the 5/6/08 FOF/COL was erroneous and COL 4 in the 6/27/05 FOF/COL was wrong because there was no legal or factual basis to deny his right to visitation with his children. He further argues that there was no evidence he had failed to cooperate with the previous Guardian Ad Litem (GAL) or pay one-half of the GAL's fee; no order to pay such fee existed; and even if such grounds had been established, such grounds would be insufficient to deny his visitation rights.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Stephen's points of error as follows:
The family court denied Stephen his right to due process at the March 9, 2005 hearing. The record establishes that the family court initially advised Stephen that he would be permitted to appear at the hearing by telephone and then reversed its decision on the day of the hearing; Stephen called the family court on the day of the hearing, but was told that the family court had changed its decision about his telephone appearance; Stephen could not otherwise appear for the hearing because he was in Washington, D.C.; and the family court proceeded with the hearing and decided the issues without offering Stephen any reasonable opportunity to appear in person.
In light of the foregoing, we do not address Stephen's six remaining points of error, which are the same issues he raised in his Post-Decree Motion or issues that arose as a result of the March 9, 2005 hearing.
Therefore,
IT IS HEREBY ORDERED that the "Order Granting[/]Denying In Part Motion and Affidavit for Post-Decree Relief Filed Jan. 28, 2005," filed on March 29, 2005; the "Amended Order/Notice to Withhold Income for Child Support," filed on March 29, 2005; the "Order Granting Plaintiff's Motion for Attorney's Fees and Costs," filed on April 20, 2005; the "Order Denying Defendant's Motion for New Trial, Further Hearing, and/or Reconsideration filed on April 7, 2005," filed on April 27, 2005; and the "Order Re: Motion & Affidavit for Post Decree Relief, " filed on February 20, 2008, in the Family Court of the First Circuit are vacated, and this case is remanded for further proceedings before a different judge.
NOTES
[1] The Honorable Bode A. Uale presided.
[2] After Stephen filed his May 24, 2005 Notice of Appeal from the Post-Decree Order, Amended Withholding Order, Fees and Costs Order, and Reconsideration Order, the family court issued the 6/27/05 FOF/COL. This court dismissed the appeal on April 17, 2007 for lack of jurisdiction. The family court subsequently issued the 2/20/08 Post-Decree Order. Stephen appealed again from the four orders in the first appeal and from the 2/20/08 Post-Decree Order. The family court entered the 5/6/08 FOF/COL. The two FOF/COL are similar, but not identical.